IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZENOBIA LEGGINS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:26-cv-1792 |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, ZENOBIA LEGGINS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of THE UNIVERSITY OF CHICAGO MEDICAL CENTER ("Defendant"), as follows:

### NATURE OF THE ACTION

1. This Complaint arises from Defendant's unlawful discrimination, retaliation, and failure to provide reasonable accommodations to Plaintiff in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.*

2. Additionally, this action arises from Defendant's interference with Plaintiff's rights and retaliation against Plaintiff in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

### JURISDICTION AND VENUE

1

3. This action arises under and is brought pursuant to the ADA and FMLA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the laws of the United States.

4. This Court has supplemental jurisdiction over Plaintiff's IHRA claims, as they are so related to the ADA claims that they form part of the same case and controversy under Article III of the United States Constitution.

5. Venue is proper in this District for Plaintiff claims pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117(a), and 28 U.S.C. § 1391, because the unlawful employment practices alleged herein occurred in this District, relevant employment records are maintained and administered in this District, and Plaintiff would have worked in this District but for Defendant's unlawful conduct.

### ADMINISTRATIVE EXHAUSTION

6. Plaintiff has satisfied all statutory and administrative prerequisites to invoke this Court's jurisdiction under the ADA and IHRA.

7. Plaintiff cross-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") on December 1, 2025.

8. On January 26, 2026, the EEOC provided Plaintiff with a Right to Sue Notice and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue Notice. *See* Exhibit A, Plaintiff's EEOC Right to Sue.

9. On January 27, 2026, Plaintiff duly notified IDHR of the EEOC's issuance of the Right to Sue notice.

10. On February 11, 2026, the IDHR provided Plaintiff with a Notice of EEOC Adopted Findings and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the IDHR's Notice of EEOC Adopted Findings. *See* Exhibit B, Plaintiff's Notice of EEOC Adopted Findings.

**PARTIES**

11. Plaintiff is a resident of Chicago, Illinois.

12. Plaintiff worked for Defendant within the Northern District of Illinois.

13. Defendant is a corporation and an academic medical health system based in the City of Chicago. Defendant is organized under the laws of Illinois, with its principal place of business located at 5841 South Maryland Avenue Chicago, Illinois 60637. Defendant operates many medical facilities and clinics.

**FACTUAL ALLEGATIONS**

14. Plaintiff is disabled as she suffers from several severe medical conditions that affect her back, including arthritis, scoliosis, and spinal disc issues. These conditions substantially limit one or more major life activities and bodily functions, including but not limited to her general mobility, walking, standing, bending, carrying, working, and caring for herself.

15. Defendant hired Plaintiff in October of 2023 to work as a Medical Assistant.

16. Throughout her employment, Plaintiff did not receive any performance complaints, was qualified for her position, and consistently performed the essential functions of her job in a satisfactory manner.

17. The essential functions of Plaintiff's position as a Medical Assistant include assisting medical providers with exams and procedures; collecting patient histories, vital signs, and specimens; and billing tasks; maintaining exam rooms, equipment, and infection control standards.

18. Defendant was aware of Plaintiff's disability as she requested FMLA leave for her medical condition from Defendant's medical leave administrator Sedgwick Claims Management Services ("Sedgwick") in or around November of 2024.

19. On November 8, 2024, Defendant approved Plaintiff's FMLA request for her serious health condition. Specifically, Plaintiff was granted intermittent leave from October 22, 2024, through October 21, 2025.

20. The approved FMLA leave included absences for her condition and medical treatment. Defendant approved two leave episodes per week with each episode lasting up to one day for flare ups of her condition. Defendant also approved one leave episode per every two weeks lasting up to four hours per episode for her treatments.

21. Key to Defendant's approval notice was that upon Defendant's request for recertification of the medical leave, the existing certification would no longer be valid, and any absences thereafter would be kept in pending status until Plaintiff returned the required documentation to recertify her need for leave.

22. On October 3, 2025, Laurelton Barksdale ("Ms. Barksdale"), Plaintiff's supervisor, told Plaintiff that she needed to recertify her medical leave. This was the first time Defendant had requested recertification.

23. Plaintiff obliged and, on October 4, 2025, contacted her medical provider to process the recertification documents necessary to abide by Ms. Barksdale's request.

24. On October 20, 2025, Ms. Barksdale communicated with Plaintiff that her medical provider had not returned the necessary FMLA recertification documents to Defendant.

25. Ms. Barksdale advised Plaintiff to contact Sedgwick immediately. When Plaintiff contacted Sedgwick, Sedgwick instructed her to follow up with her medical provider and gave her a fifteen-day extension to submit the medical recertification documents.

26. Despite Sedgwick's extension, on October 23, 2025, Ms. Barksdale terminated Plaintiff's employment because of absences on September 2, 2025, September 4, 2025, September 15, 2025, September 18, 2025, September 23, 2025, September 29, 2025, September 30, 2025, and on October 1, 2025.

27. However, those absences were attributable to Plaintiff's serious health conditions, which qualified for protection under the FMLA. Defendant was aware that Plaintiff was utilizing approved FMLA leave in connection with those absences. Accordingly, Plaintiff's approved FMLA leave protected the absences at issue through October 21, 2025.

28. All of the referenced absences occurred prior to the Defendant's request for recertification. Under the terms of Plaintiff's FMLA leave, Defendant would only place absences occurring after such a request in pending status until the recertification of the FMLA leave. Therefore, the absences preceding the recertification request should have remained fully protected under Plaintiff's original certification dated November 8, 2024.

29. Defendant never attempted to engage Plaintiff to find an alternative accommodation for her disability and instead terminated her.

30. Oddly, on October 30, 2025, Plaintiff received notice from Sedgwick confirming that they had received Plaintiff's recertification documents and they recertified her FMLA leave.

31. Sedgwick's notice confirmed that Plaintiff was in compliance with FMLA's requirements and should have been protected by the ADA's, IHRA's and FMLA's protections.

32. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has experienced financial hardship, loss of career advancement, emotional pain, suffering, and other damages for which Defendant is liable.

33. Plaintiff has experienced anxiety, humiliation, and fear of future employment discrimination.

## CAUSES OF ACTION

### COUNT ONE
**Violation of the Americans with Disabilities Act**
**Disability Discrimination**

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the ADA, 42 U.S.C. § 12101, *et seq*.

36. Plaintiff was an "employee" within the meaning of the ADA. *See* 42 U.S.C. § 12111(4).

37. At all relevant times, Defendant was an "employer" within the meaning of the ADA. Defendant is and was engaged in an industry affecting interstate commerce and employed fifteen (15) or more employees for each working day in twenty (20) or more calendar weeks in the current and/or preceding calendar year. *See* 42 U.S.C. § 12111(5).

38. Plaintiff is disabled under the meaning of the ADA as she has a major physical impairment that substantially limits one or more major life activities and bodily functions. Further, Defendant also regarded Plaintiff as being disabled based on actual and perceived physical impairments. *See* 42 U.S.C. § 12102.

39. Plaintiff was a qualified individual with a disability. *See* 42 U.S.C. § 12111(8).

40. Plaintiff met or exceeded Defendant's performance expectations.

41.     Plaintiff suffered adverse action when Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

42.     On information and belief, Defendant replaced Plaintiff with a non-disabled employee.

43.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

44.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff requests that judgment be entered in her favor including the following relief:

a.  Declare that Defendant discriminated against Plaintiff in violation of the ADA;

b.  Award compensatory damages for emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life;

c.  Award punitive damages to the extent permitted by law, to deter Defendant and others from engaging in similar unlawful conduct;

d.  Award Plaintiff all back pay, lost wages, lost benefits, and other compensation denied as a result of Defendant's unlawful conduct, with pre-judgment and post-judgment interest as allowed by law;

e.  Award Plaintiff reasonable attorneys' fees, costs, and expenses; and

f.  Grant such other relief which this Honorable Court deems just and equitable.

## COUNT TWO
### Violation of the Americans with Disabilities Act
### Failure to Accommodate

45.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

46.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of the ADA, 42 U.S.C. § 12101 *et seq*.

47.     Plaintiff is a qualified individual with a disability.

48.     Defendant was aware of the disability and the need for accommodation.

49.     Defendant failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

50.     Instead, Defendant denied Plaintiff's request and terminated Plaintiff.

51.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff requests that judgment be entered in her favor including the following relief:

a.  Declare that Defendant discriminated against Plaintiff in violation of the ADA;

b.  Award compensatory damages for emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life;

c.  Award punitive damages to the extent permitted by law, to deter Defendant and others from engaging in similar unlawful conduct;

d.  Award Plaintiff all back pay, lost wages, lost benefits, and other compensation denied as a result of Defendant's unlawful conduct, with pre-judgment and post-judgment interest as allowed by law;

e.  Award Plaintiff reasonable attorneys' fees, costs, and expenses; and

f.  Grant such other relief which this Honorable Court deems just and equitable.

**COUNT THREE**
**Violation of the Americans with Disabilities Act**
**Retaliation**

53.  Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

54.  Defendant retaliated against Plaintiff's exercise of ADA protected rights in violation of 42 U.S.C. § 12203.

55.  During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations by seeking to recertify her FMLA leave and by taking medical leave as necessary in connection with her serious health conditions. In doing so, Plaintiff engaged in protected activity.

56.  Shortly thereafter, Defendant terminated Plaintiff's employment.

57.  Further, Defendant's stated reason for terminating Plaintiff were absences that were related to her FMLA leave.

58.  Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

59.  As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and grant the following relief:

a.  Declare that Defendant retaliated against Plaintiff in violation of the ADA;

b.  Enjoin Defendant from engaging in retaliatory conduct and require Defendant to adopt and enforce policies, practices, and training designed to prevent retaliation against employees who engage in protected activity under the ADA;

c.  Award Plaintiff all back pay, lost wages, lost benefits, and other compensation resulting from Defendant's retaliatory actions, together with pre-judgment and post-judgment interest as allowed by law;

d.  Award front pay or reinstatement, as appropriate, to make Plaintiff whole;

e.  Award compensatory damages for emotional distress, humiliation, anxiety, inconvenience, and other non-economic harms caused by Defendant's retaliation;

f.  Award punitive damages to the extent permitted by law, to punish Defendant and deter similar misconduct;

g.  Award Plaintiff reasonable attorneys' fees, litigation costs, and expenses pursuant to 42 U.S.C. § 12205;

h.  Grant such other and further relief as this Honorable Court deems just and proper.

### COUNT FOUR
**Violation of the Family and Medical Leave Act**
**Interference**

60.  Plaintiff repeats and re-alleges paragraphs 1-59 as if fully stated herein.

61.  Plaintiff is an "eligible employee" within the meaning of the FMLA as she had worked more than 12 months for Defendant and more than 1,250 hours in the prior 12-month period at the time of her request for FMLA leave. *See* 29 U.S.C. § 2611(2).

62.     At all relevant times, Defendant was also an "employer" within the meaning of the FMLA, where Defendant had 50 or more employees within a 75-mile radius of the employee's worksite. *See* 29 U.S.C. § 2611(4).

63.     Plaintiff suffered from a serious health condition within the meaning of 29 U.S.C. § 2611(11), which rendered her entitled to protected leave under the FMLA, including intermittent leave as medically necessary.

64.     At all relevant times, Plaintiff was an eligible employee under the FMLA and was entitled to take intermittent leave for her serious health condition. Plaintiff properly requested and used FMLA leave in accordance with Defendant's policies and all applicable statutory requirements.

65.     Defendant unlawfully interfered with, restrained, and denied Plaintiff's exercise of her rights under the FMLA, including by terminating Plaintiff's employment because she exercised her right to take protected FMLA leave.

66.     Defendant further interfered with Plaintiff's FMLA rights by terminating her employment while her FMLA recertification was pending, thereby depriving her of the job-protected leave and reinstatement rights guaranteed by the FMLA.

67.     Plaintiff's exercise of her FMLA rights was a motivating factor and/or determinative factor in Defendant's decision to terminate her employment.

68.     As a result of Defendants' above-described conduct, Plaintiff has suffered substantial economic damage, out of pocket expenses, emotional distress and legal fees.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor and against Defendant and in particular seeks the following relief:

    a.   Back pay, front pay, and restoration of lost employment benefits;

b. Liquidated damages as provided under the FMLA;

c. Compensatory damages to the extent permitted by law;

d. Pre-judgment and post-judgment interest;

e. Declaratory relief that Defendant's conduct violated the FMLA;

f. Equitable relief, including reinstatement or, in the alternative, front pay;

g. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617; and

h. Such other and further relief as the Court deems just and proper.

**COUNT FIVE**
**Violation of the Family and Medical Leave Act**
**Retaliation**

69. Plaintiff repeats and re-alleges Paragraphs 1 through 68 as if fully set forth herein.

70. Plaintiff engaged in protected activity under the FMLA by requesting and taking approved intermittent FMLA leave for her serious health condition.

71. Defendant was aware of Plaintiff's protected activity.

72. Defendant subjected Plaintiff to an adverse employment action by terminating her employment.

73. Plaintiff's use of FMLA leave was a motivating factor and/or determinative factor in Defendant's decision to terminate her employment.

74. The temporal proximity between Plaintiff's protected activity and her termination, together with Defendant's conduct surrounding her leave usage and recertification, evidences a causal connection between her protected activity and the adverse action.

75. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered lost wages, lost benefits, loss of future earning capacity, and other economic damages.

76. Defendant's conduct was willful and in reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Judgment in Plaintiff's favor and against Defendant and in particular seeks the following relief:

a. Back pay, front pay, and restoration of lost employment benefits;

b. Liquidated damages as provided under the FMLA;

c. Compensatory damages to the extent permitted by law;

d. Pre-judgment and post-judgment interest;

e. Declaratory relief that Defendant's conduct violated the FMLA;

f. Equitable relief, including reinstatement or, in the alternative, front pay;

g. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617; and

h. Such other and further relief as the Court deems just and proper.

### COUNT SIX
### Violation of the Illinois Human Rights Act
### Disability Discrimination

77. Plaintiff repeats and re-alleges paragraphs 1-76 as if fully stated herein.

78. Plaintiff is an "employee" under 775 ILCS 5/2-101(A).

79. As Defendant had more than one employee within Illinois during the relevant statutory period, Defendant is an "employer" under 775 ILCS 5/2-101(B).

80. Defendant's acts and omissions as alleged in Count I constitute unlawful disability discrimination in violation of the IHRA, 775 ILCS 5/2-102.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and grant the following relief under the IHRA:

a. A declaration that Defendant's conduct violated the IHRA;

b. An award for back pay, front pay, and all other lost wages and employment benefits caused by Defendant's unlawful conduct;

c. An award of compensatory damages, including damages for emotional distress, humiliation, and loss of dignity, as permitted under the IHRA;

d. An award of punitive damages, to the extent permitted by law, to punish Defendant for its willful and reckless misconduct and to deter similar conduct in the future;

e. Pre-judgment and post-judgment interest as allowed by law;

f. An award of reasonable attorneys' fees and costs;

g. Equitable and injunctive relief as the Honorable Court deems just and proper to prevent future violations of the IHRA; and

h. Such other and further relief as the Court deems just and equitable.

**<u>COUNT SEVEN</u>**
**Violation of the Illinois Human Rights Act**
**Failure to Accommodate**

81. Plaintiff repeats and re-alleges paragraphs 1-80 as if fully stated herein.

82. Defendant's acts and omissions as alleged in Count II constitute Defendant's failure to reasonably accommodate Plaintiff's disability in violation of the IHRA, 775 ILCS 5/2-102.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and grant the following relief under the IHRA:

a. A declaration that Defendant's conduct violated the IHRA;

b. An award for back pay, front pay, and all other lost wages and employment benefits caused by Defendant's unlawful conduct;

14

c. An award of compensatory damages, including damages for emotional distress, humiliation, and loss of dignity, as permitted under the IHRA;

d. An award of punitive damages, to the extent permitted by law, to punish Defendant for its willful and reckless misconduct and to deter similar conduct in the future;

e. Pre-judgment and post-judgment interest as allowed by law;

f. An award of reasonable attorneys' fees and costs;

g. Equitable and injunctive relief as the Honorable Court deems just and proper to prevent future violations of the IHRA; and

h. Such other and further relief as the Court deems just and equitable.

**COUNT EIGHT**
**Violation of the Illinois Human Rights Act**
**Retaliation**

83. Plaintiff repeats and re-alleges paragraphs 1-82 as if fully stated herein.

84. Defendant's acts and omissions as alleged in Count III constitute unlawful retaliation in violation of the IHRA, 775 ILCS 5/6-101.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, and grant the following relief under the IHRA:

a. A declaration that Defendant's conduct violated the IHRA;

b. An award of back pay, front pay, and all other lost wages and employment benefits caused by Defendant's unlawful conduct;

c. An award of compensatory damages, including damages for emotional distress, humiliation, and loss of dignity, as permitted under the IHRA;

d.  An award of punitive damages, to the extent permitted by law, to punish

Defendant for its willful and reckless misconduct and to deter similar conduct in

the future;

e.   Pre-judgment and post-judgment interest as allowed by law;

f.   An award of reasonable attorneys' fees and costs, pursuant to 775 ILCS 5/10-

102(C)(3);

g.  Equitable and injunctive relief as the Honorable Court deems just and proper to

prevent future violations of the IHRA; and

h.  Such other and further relief as the Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all counts so

triable. Dated: February 18, 2026

Respectfully submitted,

/s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

/s/ Ricardo Alvarez
Ricardo Alvarez # 6352617
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
ricardo.a@consumerlawpartners.com

16